IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MAX P. HOERR, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 4:25-cv-00094-LGW-BWC |
| | ) |
| IRONCO EQUIPMENT INC and | ) |
| SCOTT GEORGE, | ) |
| | ) |
| Defendants. | ) |

## ORDER ON APPLICATION FOR DEFAULT JUDGMENT

Before the Court is the plaintiff's Application for Entry of Default Judgment. For the reasons below, the Court GRANTS the application.

### I.  Procedural History

On April 23, 2025, the plaintiff filed the instant complaint against the defendants in which the plaintiff alleged the plaintiff was a citizen of the State of Illinois, the defendants were citizens of the State of Georgia, and the amount in controversy exceeded $75,000. Doc. 1. The complaint also alleged defendant Scott George is the registered agent for defendant IronCo Equipment, Inc. The plaintiff filed a proof of service on May 19, 2025, showing process was personally served upon defendant Scott George on May 1, 2025. Doc. 7. The plaintiff filed a proof of service on June 9, 2025, showing process was personally served upon defendant IronCo Equipment, Inc. on May 28, 2025. Doc. 8. More than 21 days have passed since the defendants were served and neither defendant has filed a responsive pleading. The Clerk of Court entered default against the defendants on July 2, 2025. Doc. 10.

In the complaint, the plaintiff alleged the defendants sold an excavator owned by the plaintiff for $92,500 but failed to remit the sale proceeds to the plaintiff. The plaintiff also

alleged that the plaintiff purchased a $3,000 excavator bucket from the defendants, but the defendants retained possession of the $3,000 and/or converted the bucket to their own use. The complaint sought $95,500 in damages, plus costs.

Following the Clerk's entry of default, the plaintiff filed his Application for Entry of Default Judgment seeking judgment against the defendants in the amount of $96,055.00. Doc. 11. Included in the application was an affidavit signed by the plaintiff in which the plaintiff testified that he was owed $92,500 from the sale of the excavator and $3,000 from the purchase of the bucket. The plaintiff also submitted a Bill of Costs in the amount of $555.00, with receipts showing filing fees of $405.00 and fees for service of process in the amount of $150.00. The Court held a hearing on August 13, 2025, on the Application for Entry of Default Judgment. Counsel for the plaintiff attended the hearing. The defendants did not appear at the hearing.

**II.    Analysis**

In considering whether to grant a default judgment, "the Court must determine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The entry of a default judgment is committed to the discretion of the district court. After a default is entered against a defendant, he is deemed to have admitted the plaintiffs' well-pleaded factual allegations." *Morningstar Marinas/Golden Isles, LLC v. M/Y KANDER*, 764 F. Supp. 3d 1352, 1357 (S.D. Ga. 2025) (citations omitted).

The allegations in the complaint are deemed admitted and the Court therefore concludes it has subject matter jurisdiction over this case and personal jurisdiction over the defendants. Subject matter is proper under 28 U.S.C. § 1332 since the plaintiff is a citizen of the State of Illinois and the defendants are citizens of the State of Georgia and the amount in controversy

exceeds $75,000. Doc. 1. Personal jurisdiction over the defendants exists as both defendants have been properly served.

Even though the defendants are in default, "[d]mages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id*. at 1360. Having reviewed the Application for Entry of Default Judgment, including the affidavit and Bill of Costs, and held a hearing on this matter, the Court finds that damages in the amount of $96,055.00 are adequately pled in the complaint and also established by the evidence submitted by the plaintiff.

### III. Conclusion

The Court GRANTS the plaintiff's Application for the Entry of Default Judgment and DIRECTS the Clerk to ENTER JUDGMENT against the defendants and in favor of the plaintiff in the amount of $96,055.00 against the defendants.

**SO ORDERED** this 26 day of August, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Order Prepared By:
Jason Pedigo
Georgia Bar No. 140989
pedigo@ellispainter.com
ELLIS PAINTER
24 Oglethorpe Professional Blvd.
Second Floor
Savannah, GA 31406
(912) 233-9700